## 14835

### BELTON BAGGING CO. v. SATTERFIELD

(1 S. E., (2d), 623)

*Mr. E. W. Johnson,* for appellant,

*Messrs. Lanham & Lanham,* for respondent,

March 8, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

In its complaint, appellant alleges that it entered into a contract with respondent whereby respondent agreed to sell and appellant agreed to buy 1,400 bundles of ties f. o. b. Spartanburg, S. C., delivery to be completed during the year 1937; that a part was delivered at plaintiff's place of business at Belton, S. C., by plaintiff's truck, and that another portion was later hauled on defendant's truck, and the failure to deliver the balance resulted in loss to plaintiff in the sum of $470.34. That plaintiff made repeated demands on defendant to deliver the remaining 871 ties, but defendant failed and refused to do so. That relying on defandant complying with his contract, plaintiff had sold a corresponding number of ties against the contract, and when defendant failed to deliver, he had to buy from others, and the difference between the contract price and the price plaintiff was compelled to pay was $470.34.

For answer, defendant admits the making of the contract, but alleges that there was in the agreement no obligation on him to deliver the ties at Belton, S. C. That no demand was made on him to deliver the ties; that at different times during the currency of the contract defendant was in position to make delivery to plaintiff, who, by failing to come or send for them, was itself responsible for the failure to make delivery of the 871 bundles of ties.

The matter was heard in the County Court of Spartanburg County by Judge Merchant and a jury.

At the call of the case, counsel for plaintiff moved for a directed verdict for breach of contract, on the pleadings, and leave to the jury proof of the monetary damage suffered by plaintiff. The Court said: "I have not seen the contract." After seeing the contract, he said: "I think I should withhold my decision on this and go into the testimony."

At the conclusion of all the testimony, the Court said: "It is the duty of the Court to construe the contract but it does not state the mode of shipment. This contract does not say f. o. b. defendant's truck, plaintiff's truck or common carrier. That is the part that I do not see how I can construe a breach. The mode is not stated. The contract does not provide any method or mode of shipment. I will instruct the jury that this contract is binding and a breach would be the basis for damages, but it is a question for the jury as to which party breached the contract. * * * "

The jury found for the defendant. Motion for new trial was refused.

The Court was correct in refusing the motion for directed verdict.

There is but one question in the case and that is one of fact. It is: Who breached the contract? Did the contract require the defendant to deliver the ties at Belton, S. C., or did it require the plaintiff to go for and receive them at defendant's place of business at Spartanburg, S. C.? The written contract is silent thereabout. What then was the contemporaneous understanding of the parties to the contract?

On cross examination Mr. W. C. Brown, the president of the plaintiff corporation, an honorable man, with commendable frankness, said:

"Q. When you bought these 1400 bundles you expected to send for them? A. Yes, sir.

"Q. And Mr. Satterfield expected you to do so, did he not? A. I imagine he did."

We deduce from what follows that because Mr. Satterfield's truck did deliver one load of ties, plaintiff assumed that Mr. Satterfield felt that he was bound to deliver them all, although the first load of 1400 bundles of ties had been hauled from defendant's place of business to plaintiff's place of business by plaintiff's truck. Of the reason of the hauling by defendant's truck, there is testimony which makes

it all the clearer that the only issue is one of fact, about which there is testimony which made it obligatory on the trial Judge to send the case to the jury. That body has decided it in favor of the respondent. We think there was ample testimony to sustain this finding, and his honor did not err in refusing the motion for new trial.

The exceptions are overruled and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.